IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BIRCHSTONE RESIDENTIAL, agent of HALSTON PACES CROSSING,<br><br>  Plaintiff,<br><br>v.<br><br>EUGENIA SALAS,<br><br>  Defendant. | Civil Action No.<br>1:24-cv-05391-VMC |

**ORDER**

Because this case was filed *in forma pauperis*, this matter is before the Court on a review under 28 U.S.C. § 1915 of the "Petition Notice for Removal of Action" filed by the Defendant, Eugenia Salas (Doc. 5). In addition to seeking removal of this case from the Magistrate Court of Gwinnett County, Salas requests (1) a preliminary and permanent injunction, and (2) a temporary restraining order. For the reasons that follow, the Court finds that it lacks subject matter jurisdiction over the dispossessory action, rendering the other requests moot.

**DISCUSSION**

A defendant may remove a civil action filed in state court to the federal district court located in the district and division embracing that state court when the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). A district court has

original jurisdiction based either on a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331 and 1332. Additionally, in limited circumstances, a defendant may remove a case based on civil rights violations under 28 U.S.C. §§ 1343, 1357, and 1443.

The removing party must establish the grounds for subject matter jurisdiction over the removed case. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). But a federal court is obligated to inquire into whether it has subject matter jurisdiction *sua sponte* whenever it may be lacking, and it should do so at the "earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410; *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (stating that "a court must zealously [e]nsure that jurisdiction exists over a case[] and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises"). "'If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, [then] the case shall be remanded' to the state court [] whence it came." *Univ. of S. Ala.*, 168 F.3d at 410 (quoting 28 U.S.C. § 1447(c)). This is so even when other motions are pending before the court. *Id.* at 411 (collecting cases in support of its holding that subject matter jurisdiction must be addressed before reaching the merits of any other issue). Federal courts are further directed to

construe removal statutes strictly, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.*

Here, on or about September 18, 2024, Plaintiff filed a dispossessory action against Salas in the Magistrate Court of Gwinnett County, Georgia for the property located at 4300 Jimmy Carter Boulevard Apt. 716, Norcross, GA 30093 (the "premises"). (Doc. 5 at 5).[1] Salas now seeks to remove that action on the basis that it violated several rules and statutes, including 15 U.S.C. § 1692 and Federal Rule of Civil Procedure 60. (Doc. 5 at 1). Salas also claims that the dispossessory action violates the Fourteenth Amendment to the U.S. Constitution. (*Id.*). In the petition for removal, Salas claims that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1357. (Doc. 5 at 2). Given Defendant's pro se status, the Court will examine the alleged grounds for jurisdiction.

I. **Federal Question Jurisdiction**

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such jurisdiction exists "'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (alteration in original) (quoting *Louisville & N.R. Co. v. Mottley*, 211

---

[1] Citations to page numbers refer to the pages in the relevant document as numbered by the CM/ECF system.

U.S. 149, 152 (1908)). The removing party cannot create federal question jurisdiction based on "an anticipated or actual federal defense." *Jefferson Cnty. v. Acker*, 527 U.S. 423, 430–31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."). Likewise, a removing party cannot create federal question jurisdiction based on "an actual or anticipated counterclaim." *Vaden*, 556 U.S. at 60. The removing party bears the burden of proving that a federal question exists. *See Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Here, there is no indication that Plaintiff's dispossessory action is based on anything more than a state law claim for possession of the premises. (*See* Doc. 5 at 4); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (holding that a dispossessory action did not fall under federal jurisdiction because it was "exclusively a matter of state law"). Thus, the dispossessory action does not present a federal question. To the extent that Salas attempts to remove this case based on her asserted defenses that the dispossessory action violated federal law, she cannot do so. *Acker*, 527 U.S. at 430–31; *Ervast*, 346 F.3d at 1012. Accordingly,

§ 1331 does not grant the Court original jurisdiction over this case, and the case is therefore not removable based on federal question jurisdiction.

## II. Diversity-of-Citizenship Jurisdiction

Federal district courts also "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and where complete diversity exists. 28 U.S.C. § 1332(a); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). The amount-in-controversy requirement must be satisfied by the underlying action; a removing party cannot satisfy the requirement with any defense or counterclaim. *See McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) (stating that courts typically look to the complaint to establish the amount in controversy); *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), *aff'd*, 35 F. App'x 858 (11th Cir. 2002) (finding that the amount in controversy cannot be measured by the value of the underlying land because a dispossessory proceeding is a dispute over possession rather than ownership). Here, Plaintiff's dispossessory action does not satisfy the amount-in-controversy requirement because the damages alleged are well below $75,000. (*See* Doc. 5 at 5) (showing that Plaintiff seeks only possession of the premises and a balance of $2,082 plus costs, late fees, and utilities).

For complete diversity to exist, no plaintiff can be a citizen of the same state as any defendant. *Univ. of S. Ala.*, 168 F.3d at 412 (stating that, for there to be jurisdiction predicated on diversity of citizenship, "all plaintiffs must be diverse from all defendants"). Additionally, a defendant may not remove a case from state court to federal court "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, Plaintiff's dispossessory action does not satisfy the diversity-of-citizenship requirement because Salas has not shown that she and Plaintiff are citizens of different states. (Doc. 1-2 at 1). Accordingly, § 1332 does not grant the Court original jurisdiction over this case, and the case is not removable based on diversity jurisdiction.

### III. 28 U.S.C. §§ 1343 and 1357

Section 1343 "serves as the jurisdictional basis for claims [of civil rights violations] under 42 U.S.C. §§ 1983 and 1985." *Prop. Servs. of Atlanta v. Thomas*, No. 1:19-cv-0030-AT, 2019 WL 8953360, at *3 (N.D. Ga. Jan. 7, 2019) (citing *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 615 (1979); *Ortega v. Schramm*, 922 F.2d 684, 688 (11th Cir. 1991)); *see also* 28 U.S.C. § 1343(a)(1)–(2). Section 1357 "provides the district courts with original jurisdiction of any action commenced by a person to recover damages for injury due to his [Congressionally authorized] efforts to protect or collect revenues or enforce the right of others to vote in a state." *Golden*

*All. Mgmt., LLC v. McKinnis*, No. 1:13-CV-3529-RWS-LTW, 2014 WL 12859904, at *3 (N.D. Ga. Apr. 11, 2014) (citing 28 U.S.C. § 1357; *Aloupis v. United States*, 149 F. App'x 889, 891 (11th Cir. 2005)). Courts in this district have previously noted that § 1343 is "'a more specific subset of the [] federal question jurisdiction set out in [§] 1331.'" *Avelo Mortg., LLC v. Brissett*, No. 1:08-cv-2227, 2008 WL 3871730, at *2 (N.D. Ga. Aug. 18, 2008) (quoting *N.W. Healthcare, LP v. Sullivan*, 793 F. Supp. 724, 727 n.2 (W.D. Tex. 1992)); *see also Garden Terrace v. Maupins*, No. 1:15-cv-3876-WSD, 2016 WL 1064555, at *2 n.4 (N.D. Ga. Mar. 15, 2016). Thus, the "preclusion of jurisdiction under 28 U.S.C. § 1331 necessarily precludes jurisdiction under 28 U.S.C. § 1343[.]" *N.W. Healthcare, LP*, 793 F. Supp. at 727.

Likewise, because a claim brought under § 1357 is a claim arising under federal law, the Court concludes that preclusion of jurisdiction under § 1331 also necessarily precludes jurisdiction under § 1357. *Cf. Star Preston Hills, LLC v. Ayers*, No. 1:22-cv-05148-VMC, 2023 WL 2373759, at *3 (N.D. Ga. Jan. 4, 2023) (recommending remand of dispossessory action for lack of federal question jurisdiction where the defendants asserted jurisdiction under, *inter alia*, § 1357), *report and recommendation adopted*, 2023 WL 2372709 (Jan. 4, 2023). As previously explained, § 1331 does not grant the Court original jurisdiction over this case. Moreover, the underlying dispossessory action alleges no cause of action that would arise under §§ 1343 or 1357. (*See* Doc. 5 at 4). And even if Salas's notice of

7

removal contained such claims, neither would be sufficient to invoke jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Therefore, Salas may not remove this matter under either §§ 1343 or 1357.

Accordingly, the Court does not have subject matter jurisdiction over this proceeding. The Court is aware of how serious and devastating it is for any person to face eviction from their residence. However, the Court cannot act beyond its statutory grant of subject matter jurisdiction and must "strictly construe removal statutes in favor of state court jurisdiction." *Kuhn v. Brunswick Corp.*, 871 F. Supp. 1444, 1446 (N.D. Ga. 1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994).

## IV. Conclusion

For the reasons stated above, the Court **REMANDS** this case to the Magistrate Court of Gwinnett County.[2] Having found that the Court lacks subject matter jurisdiction, Defendant's request for a preliminary injunction, permanent injunction, and a temporary restraining order are **DENIED AS MOOT**. There

---

[2] As this case involves a pro se party, the Court provides further guidance. An order remanding the case means that the case will continue to be heard, but in the court where it was originally filed – here, the Magistrate Court of Gwinnett County. The case is simply being returned to the Magistrate Court of Gwinnett County for further proceedings. Any future motions should be filed with the Magistrate Court.

being no further issues before the Court, the Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 10th day of December, 2024.

_____
Victoria Marie Calvert
United States District Judge